**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TDC Specialty Insurance Company, | **2:24-cv-00508-MDC** |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING THE MOTION TO AMEND; DENYING THE MOTION TO DISMISS AS MOOT** |
| Clemente Monarrez, *et al.*, | |
| Defendant(s). | |

Pending before the Court are plaintiff's *Motion to Amend* (ECF No. 25) and defendants' *Motion to Dismiss* (ECF 16). The Court has reviewed the filings and related briefings. For the reasons stated below, the Court GRANTS the Motion to Amend and DENIES the Motion to Dismiss without prejudice as MOOT.

## DISCUSSION

### I.    BACKGROUND

This is a declaratory relief action in which plaintiff, TDC Specialty Insurance Company ("plaintiff"), seeks to disclaim its duty to defend or indemnify its insureds. *See* ECF Nos. 8, 25, 28. This declaratory relief action arises from an action commenced by the defendants[1] in the Eight Judicial District Court, Clark County, Nevada. *See* ECF No. 8 at 3. Plaintiff filed its Complaint on March 14, 2024 (ECF No. 1) and filed an Amended Complaint on March 22, 2024 (ECF No. 8). Defendants filed a Motion to Dismiss on May 6, 2024 (ECF No. 16). On July 31, 2024, two-months after the Motion to Dismiss was fully briefed, plaintiff filed the Motion to Amend (ECF No. 25), seeking "to include the Named Insureds[2] as defendants in this action and to make some other clarifications relating to its coverage position." ECF No. 25 at 1:23-25. Defendants oppose the Motion to Amend. ECF No. 28.

---

[1] Clemente Monarrez (individually, and as Special Administrator of the Estate of Martin Monarrez, deceased) and Lucia Monarrez De Herrera (collectively "defendants").
[2] Preferred Care West II, Inc. d/b/a Mission Pines Nursing and Rehabilitation Center ("Mission Pines") and Facility IMS, LLC ("Facility IMS") (collectively "Named Insureds"). *See* ECF No. 25 at 2:4-6.

## II.     MOTION TO AMEND

### A.  Legal Standard

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing  *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B.  Analysis

#### a.  Bad Faith And Dilatory Motive

The first factor courts consider is bad faith and/or dilatory motive. "[B]ad faith is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose

or moral obliquity…it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'Ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (internal citations omitted). In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *see Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (internal citations omitted).  "[B]ad faith or dilatory motive may be demonstrated by actions demonstrating gamesmanship…but when a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate wrongful motive, there is no cause to uphold the denial of a leave to amend on the basis of bad faith or undue delay." *Ernest Bock, LLC v. Steelman*, 2021 U.S. Dist. LEXIS 75614, at *14 (D. Nev. April 20, 2021) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)) (internal quotations omitted). Here, although defendants argue that plaintiff delayed in adding defendants they knew should have been included in the initial complaint, defendants offer no evidence of delay or bad faith. Moreover, plaintiff has provided a satisfactory explanation. Plaintiff asserts that they previously believed that the Named Insured defendants were unnecessary in light Mission Pines's bankruptcy discharge and Facility IMS having never tendered a claim for defense or indemnification in the underlying case. *See* ECF No. 25 at 2. Furthermore, plaintiff alleges that it is including the Named Insured as defendants in light of defendants' arguments in the Motion to Dismiss. *See* ECF Nos. 25 and 16.  In the absence of any evidence of bad faith or delay, and because "the Court must grant all inferences in favor of allowing amendment," the Court rejects defendants' assertion of bad faith and finds that good faith warrants amendment. *See Holland v. Pinnacle Servs. Inc.*, 2023 U.S. Dist. LEXIS 156336, at *13 (D. Nev. July 25, 2023) (citing *DCD Programs, Ltd.*, 833 F.2d at 186). Thus, this factor weighs in favor of amendment.

//

//

### b.  Undue Delay

The second factor courts consider is undue delay. In evaluating whether a Motion to Amend is timely, courts consider (1) whether the amendment was sought before the amended pleadings deadline in a scheduling order **and** (2) "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal citations omitted). Plaintiff asserts that no undue delay exists because the Motion to Amend was filed not long after the Motion to Dismiss finished briefing and before the proposed Amended Pleadings Deadline.[3] ECF No. 25 at 4-5. As with their "bad faith" argument," Defendants also argue that the Motion to Amend was filed with undue delay because plaintiff knew that Mission Pines and Facility IMS ("Named Insureds") "should have been listed as defendants in [plaintiff's] initial complaint but failed to do so." ECF No. 28 at 4. There is no undue delay because it is still early in the litigation and no scheduling order has been issued. Furthermore, as noted above, since plaintiff has satisfactorily explained their failure to include the Named Insured as defendants in the initial complaint, there is no cause to deny the motion to amend on this basis alone. Finally, defendants stipulated to a February 21, 2025, deadline to amend the pleadings. Thus, this factor weighs in favor of amendment.

### c.  Prejudice To The Opposing Party

The third factor courts consider prejudice to the opposing party. "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971)). "The party opposing amendment bears the burden of showing prejudice." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "Where there is a lack of

---

[3] The *Joint Stipulated Discovery Plan and Scheduling Order* (ECF No. 21) proposes an Amended Pleadings deadline of February 21, 2025.

prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973). Defendants do not allege that they would be prejudiced by the amendment. *See generally* ECF No. 28. Furthermore, this case is still early in the litigation process as no scheduling order has been set, therefore it is unlikely that defendants will be prejudiced. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). To the extent that defendants argue that they have incurred expenses, this is not enough to establish prejudice. *United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1184 (9th Cir. 2016) ("litigation expenses incurred before a motion to amend is filed do not establish prejudice."). Thus, this factor weighs in favor of amendment.

### d.  Futility Of Amendment

The fourth factor is futility of amendment. The Court defers addressing the sufficiency of plaintiff's proposed claims at this time, under the motion to amend rubric, because defendants may seek dismissal after the amendment is filed. *See Nev. Power Co. v. Trench Fr*., 2020 U.S. Dist. LEXIS 53860, at *4 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, at *2 (D. Nev. Oct. 16, 2015). While the Court is not determining the sufficiency of plaintiff's claim or whether its amended complaint is futile at this time, there appear to be some issues with plaintiff's action as to the current defendants.

Plaintiff's current, and proposed amended, complaint asserts only a declaratory relief claim seeking a declaration as to the rights, obligations, and coverage under a certain insurance policy. The currently named defendants are neither insureds of plaintiff nor parties to that insurance policy.[4] Thus, while such defendants have pending claims against plaintiff's insureds in concurrent state court proceedings, such circumstances do not create a contractual relationship with plaintiff. *See e.g., Wilson v. Bristol W. Ins. Grp.*, No. 2:09-CV-00006-KJD-GWF, 2009 WL 3105602, at *2 (D. Nev. Sept. 21, 2009) ("[A] third-party claimant has no contractual relationship with an insurance company."). Moreover, Nevada is not a "direct action" state that allows actions by third-party claimants against the liability insurance of the tortfeasor. *Hall v. Enter. Leasing Co.,* 122 Nev. 685, 693, 137 P.3d 1104, 1109 (2006). Thus, an action between a third-party claimant and the insurance company of the alleged tortfeasor is generally not proper. *See Roberts v. Farmers Ins. Co.*, 91 Nev. 199, 200, 533 P.2d 158, 159 (1975) (insurer was not a proper party to an action to recover damages for injuries sustained in an automobile collision). An insurer's obligation to provide insurance coverage does not arise until underlying tort liability of its insured is established and the policy obligation to pay arises. *Hall,* 122 Nev. at 693, 137 P.3d at 1109. Thus, it appears there may not be any controversy between plaintiff and the current defendants as a matter of Nevada law, which would preclude plaintiff's action against the current defendants here. However, the parties did not address these matters and authorities in their briefs[5], which is another reason the Court defers determining futility or the substance of plaintiff's claims at this time.

---

[4] The proposed new defendants (Preferred Care West II, Inc. d/b/a Mission Pines Nursing and Rehabilitation Center and Facility IMS, LLC) are the actual insureds and parties to that insurance policy.

[5] *Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*, 511 F. Supp. 3d 1105 (D. Nev. 2021), which the parties discuss in their briefs (ECF Nos. 17 & 20), did not address whether Nevada "direct action" law foreclosed the insurer from asserting a declaratory relief action against the third-party claimant. Moreover, in *Cincinnati Specialty Underwriters Ins. Co.,* the third-party claimant (Tracy Turnbow) did not challenge her designation as an interested party or challenge the insurance company's standing. *Id.* In contrast, the Monarrez third-party claimants here are named as defendants and have challenged plaintiff's standing (ECF No. 10), albeit without addressing the impact of Nevada's no "direct action" framework discussed above. The parties also failed to address whether the Monarrez third-party claimants are proper parties per Fed. R. Civ. Pro. 19.

**e.   Whether Plaintiff Has Previously Amended**

The final factor is whether plaintiff has previously amended the complaint. There has only been one prior amendment. Thus, this factor weighs in favor of amendment. *Cf., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (looking to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed").

## III.   MOTION TO DISMISS

The Court denies the Motion to Dismiss (ECF No. 16) as moot because it grants plaintiff leave to file an amended complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (An "amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal citation omitted); *see also Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (An amended complaint will also ordinarily moot a pending motion to dismiss).

ACCORDINGLY,

**IT IS ORDERED that:**

1.   The Motion to Amend (ECF No. 25) is GRANTED.

2.   The Motion to Dismiss (ECF No. 16) is DENIED AS MOOT.

3.   Plaintiff must file the Amended Complaint within one week of this Order.

DATED:  September 4, 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

7